**AIR FRANCE, Plaintiff–Appellant,**

v.

**A. Warren OWENS, Individually and d/b/a Owens International Air, Defendant–Appellee.**

No. 88–1017
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 19, 1988.
Rehearing Denied July 8, 1988.

and, whether it arises under the way bills or a separate agreement, is governed by the three-year statute. According the district court the deference we usually pay to the decisions of a federal judge respecting the law of the state in which the court sits,[1] we affirm the district court's judgment for the reasons given in its memorandum opinion and order (N.D.Tex.1987).

Bruce W. Akerly, Daniel C. Purdy, Berman, Mitchell, Yeager & Gerber, Dallas, Tex., for plaintiff-appellant.

Eugene Z. DuBose, Dallas, Tex., Carl R. Soller, Margaret Hardy Schter, Soller, Singer & Horn, New York City, for defendant-appellee.

Howard I.S. HO, Plaintiff–Appellant,

v.

Before RUBIN, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

An air carrier sued a freight forwarder for charges due for shipments made by a client of the freight forwarder. The freight forwarder had assumed responsibility for the payment of any monies due the carrier. The district court held the action barred by the Texas three-year statute of limitations applicable to suits by "a carrier of property ... for the recovery of charges." The carrier contends that, because the action arose under an agreement between it and the freight forwarder, and not under the way bills, the Texas four-year debt statute is applicable. Agreeing with the district court, we conclude that the action is one for the recovery of charges

---

1. *Edwards v. State Farm Ins. Co.,* 833 F.2d 535, 541 (5th Cir.1987); *Jackson v. Johns–Manville* *Sales Corp.,* 781 F.2d 394, 398 (5th Cir.1986).